UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRELL D. MACINTYRE,<br><br>                    Plaintiff,<br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05253-KLS<br><br>ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

      This matter is before the Court on the filing of an amended motion for attorney fees pursuant to 42 U.S.C. § 406(b) by plaintiff's counsel. Dkt. 23. The motion seeks a total of $33,385.95 in attorney fees under 42 U.S.C. § 406(b), minus $6,623.32 in attorney fees awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for a total of $26,762.63 in attorney fees. Dkt. 23, p. 1. For the reasons set forth below, the Court finds that request should be granted.

      Section 406(b) of the Social Security Act (the Act) "controls fees for representation in the federal courts." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1035 (N.D. Cal. 2003). That section provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.

ORDER - 1

*Id.* (quoting 42 U.S.C. § 406(b)(1)(A)). Attorney fees awarded are to be paid "out of, and not in addition to, the amount of [the] past-due benefits" the claimant receives, and are payable for work the claimant's attorney performed "before the district court." *Id.* An award made under Section 406(b) is "the only way a successful . . . attorney may recover fees" under the Act "for work performed before the district court." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009); *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (section 406(b) empowers courts to award fees based only on representation before the district court).

"Because benefits amounts figuring in the [section 406(b)] fee calculation are limited to those past due, attorneys may not gain additional fees based on" their "claimant's continuing entitlement to benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002).  The prescription set out in Section 406(b) establishes "the exclusive regime for obtaining" attorney fees under the Act. *Id.* at 795-96. Further, Congress has "harmonized fees payable by the Government under [the] EAJA with fees payable under § 406(b) out of the claimant's past-due . . . benefits," by allowing awards to "be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"[1] *Id.* at 796 (quotation omitted).

As noted by the Ninth Circuit, attorneys representing Social Security disability claimants "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered," thereby "providing the attorney the statutory maximum of fees if the representation is successful." *Crawford*, 586 F.3d at 1147. Indeed, the Supreme Court has noted expressly that "§ 406(b)'s language does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht*, 535 U.S. at 800, 807 ("Most plausibly read, we

---

[1] Accordingly, an award made under the EAJA will offset "an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796 (citation omitted).

ORDER - 2

conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

As such, the only "boundary line" on contingent fee agreements is that they will be found to be "unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary," however, attorneys for successful claimants "must show that the fee sought is reasonable for the services rendered." <u>Id.</u> While section 406(b) does not further specify how to determine the reasonableness of a requested fee, the Supreme Court has held that "a district court charged with determining a reasonable fee award" must, as just indicated, "respect 'the primacy' of lawful attorney-client contingent fee agreements." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793).

A district court may appropriately reduce an "attorney's recovery based on the character of the representation." *Gisbrecht*, 535 U.S. at 808. Thus, "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," the fee resulting from the contingent fee agreement will be found to be unreasonable. *Crawford*, 586 F,3d at 1148. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808.

In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* But as indicated above, it appears that the Supreme Court intends for courts to give contingent fee agreements "great deference," and to uphold them "unless the fees produced by them are found to be unreasonable." *Mizell v.*

ORDER - 3

*Astrue*, 2008 WL 536168 *5 (S.D.Ala. 2008); *see also Hearn*, 262 F.Supp.2d at 1037 (noting that since *Gisbrecht* was handed down, courts generally have been deferential to contingent fee contract terms in section 406(b) cases).

On March 26, 2014, plaintiff filed a complaint with this Court seeking judicial review of thes denial of his application for disability insurance benefits. Dkt. 1. On August 11, 2014, the Court granted the parties' stipulated motion to remand the matter for further administrative proceedings. Dkt. 18. According to plaintiff's attorney, on August 1, 2016, an administrative law judge issued a decision finding plaintiff to be disabled as of December 13, 2010, with benefits awarded from July 2011 to the present. Dkt. 23, p. 2. Also according to plaintiff's counsel, at some point she and plaintiff entered into a fee agreement authorizing attorney fees under Section 406(b) for all back benefits. *Id.*

Defendant does not object to the fee request or the amount of fees being requested. Dkt. 24. However, plaintiff's counsel has informed the Court that plaintiff himself objects to that amount, on the basis that (1) the Social Security Administration took over two years to schedule a hearing and issue a decision awarding benefits after the Court issued its remand order, and (2) he does not believe that the back benefits awarded for his son should be included in the Section 406(b) fee award, because the application for his son's benefits was not filed until after he had received the favorable decision. Dkt. 25, pp. 1-2; Dkt. 25-1.

Plaintiff does not allege the attorney fees being requested are in excess of the 25% of the total past due benefits to which he is entitled, although he does allege as just noted that his son's back benefits should not have been included in the calculation. Nor does plaintiff allege that the representation he received was substandard. Whether or not plaintiff's son's back benefits were – or should or should not have been – included in the calculation is not an issue that is properly

ORDER - 4

before this Court, given that the task of the Court is to determine the reasonableness of the fee request and not interpret the fee arrangement itself. Indeed, the Court does not have a copy of that arrangement to review even if it had the authority to do so in this matter.

As plaintiff's counsel points out, the fact that the Social Security Administration took two years to find him disabled following remand of this matter is not itself a proper basis for seeking reduction of the fee award. Plaintiff has not shown that plaintiff's counsel herself was dilatory or that she otherwise was responsible for the delay, thereby justifying a reduction in fees. Plaintiff states another lawyer who represented him in other aspects of his case did an outstanding job, and only received $6,000.00 for his efforts. Dkt. 25-1. But the efforts of such other counsel is not before the Court, and say nothing about the propriety of plaintiff's counsel's own efforts in this matter or the amount of fees being requested therefor.

Plaintiff further complains that plaintiff's counsel already has received $6,623.32 in EAJA fees. But as discussed above, under Section 406(b) the claimant's attorney must refund to the claimant the amount of the smaller fee, and plaintiff's counsel has deducted that amount from her overall request. Dkt. 23, p. 1. Accordingly, because plaintiff has not shown the fee request in this matter to be unreasonable or otherwise improper, and in light of the primacy of and great deference owed to contingent fee agreements in Social Security cases, the Court finds the request should be GRANTED.

The Court, therefore, hereby ORDERS:

(1) Attorney fees in the amount of $33,385.95 under 42 U.S.C. § 406(b), minus $6,623.32 in attorney fees awarded under the EAJA, is awarded to plaintiff, for a total of $26,762.63 in attorney fees.

(2) Defendant shall release the $26,762.63 in attorney fees, minus any applicable

ORDER - 5

processing fee, to plaintiff's attorney, Rosemary B. Schurman, at 8123 NE 115 Way, Kirkland, WA 98034 or via automatic deposit.

DATED this 5th day of December, 2016.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 6